# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| **REGIONS BANK and LMIW VII, LLC,** | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) Civil Action No.: 1:20-cv-00240-MPM- RP |
| **RUSSELL MARION STITES, AMY GLISSEN STITES, PRO SOUTH, INC., PRO LOGGING, INC., PRO TRUCKING, INC. , CORPORATE BILLING, LLC, HITACHI CAPITAL AMERICA CORPORATION, AND THE UNITED STATES INTERNAL REVENUE SERVICE,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## CONSENT JUDGMENT

This matter is before the Court on the *Joint Stipulation and Motion for Entry of Consent Judgment* against Russell Marion Stites ("R. Stites"), Pro South, Inc., Pro Logging, Inc., and Pro Trucking, Inc. (collectively the "Judgment Defendants"). Amy Glissen Stites also consents to be bound by the terms herein, though she was previously dismissed in this matter and the monetary judgment herein is not entered against her.

Based on the agreement of the Parties and for good cause shown:

**IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED** that judgment is entered in favor of Regions Bank and against Russell Marion Stites, Pro South, Inc., Pro Logging, Inc., and Pro Trucking, Inc., jointly and severally, in the amount of THREE MILLION SIX HUNDRED AND ELEVEN THOUSAND FOUR HUNDRED AND TWENTY-THREE AND 50/100 DOLLARS ($3,611,423.50).

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Defendants Russell Marion Stites, Amy Glissen Stites, Pro South, Inc., Pro Logging, Inc., and Pro Trucking, Inc., for

themselves, their heirs, spouses, successors, legal representatives and assigns, have released and forever discharged Regions Bank and LMIW VII, LLC, their parent(s), affiliates, subsidiaries, predecessors, successors, and the officers, directors, agents, assigns, servants, employees and attorneys of these entities, from any and all claims, causes of action, damages, losses, debts, obligations, agreements, liabilities, judgments, debts, attorneys' fees, costs and expenses, whether asserted or unasserted or that could have been asserted, known or unknown, suspected or unsuspected, fixed or contingent, and whether arising under state law, federal law, common law or otherwise, which arise directly or indirectly out of any facts, events, or transactions that occurred from the beginning of time through the date of entry of this Consent Judgment, and/or in any way related to, arising from, out of or based upon the Loans, Loan Documents, the foreclosure of the Foreclosed Property or the matters or substance of the matters that are the subject of the instant action or which could have been asserted therein.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that on March 5, 2020, Regions, through substitute trustee, foreclosed on certain landlocked parcels in Prentiss County, Mississippi (the "Landlocked Parcels"), previously owned by Russell Marion Stites, individually and/or Russell Marion Stites and Amy Glissen Stites, as joint tenants with right of survivorship. LMIW purchased the Landlocked Parcels at foreclosure and is now the record owner thereof. The Landlocked Parcels are landlocked without access to any road. The survey and title information attached to the complaint provides that R. Stites remains the record owner of the adjacent parcel to the West of the Landlocked Parcels. The strip of land owned by R. Stites between the Landlocked Parcels and the county road "CR 1000" has the following land description:

> 1 acre, more or less, of the Northeast Quarter of the Northeast Quarter of Section 12, Township 5, Range 7 East, being a narrow strip in the Northwest comer of said 40 acres including the narrow strip of bottom land and extending North to North boundary of said 40 acres giving an outlet for ditch at the foot of the hill. ALSO, 9 acres, more or less, being all of the North Half of the Northwest Quarter lying and being on the East side of the Public road and adjoining the above 40- acre tract.

This strip of land includes the western most portions of the driveway providing vehicular access to the Landlocked Parcels and to the Residence.

The Landlocked Parcels and the adjacent strip of land were once commonly owned and were severed by the pledge/mortgage of the foreclosed Landlocked Parcels.

The dominant and servient parcels were once under common ownership, as both were owned by either R. Stites, individually and/or R. Stites and A. Stites, as joint tenants with right of survivorship.

The necessity for the easement arose at the time of the severance by the common owner and is confined by the subsequent foreclosure.

The necessity of Landlocked Parcels and the Residence for the easement is ongoing and will continue indefinitely.

LMIW is entitled to an easement by necessity along the boundaries of the driveway until the county road in order to enter the foreclosed property through the westerly adjacent property (the "Easement").

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a copy of this Order shall be entered in the land records of the Prentiss County Chancery Clerk indicating the existence of an easement by necessity as follows:

The strip of land owned by R. Stites between the Landlocked Parcels and the county road "CR 1000" has the following land description:

1 acre, more or less, of the Northeast Quarter of the Northeast Quarter of Section 12, Township 5, Range 7 East, being a narrow strip in the Northwest corner of said 40 acres including the narrow strip of bottom land and extending North to North boundary of said 40 acres giving an outlet for ditch at the foot of the hill.

ALSO, 9 acres, more or less, being all of the North Half of the Northwest Quarter lying and being on the East side of the Public road and adjoining the above 40-acre tract.

Indexing instructions:

Northeast Quarter of the Northeast Quarter of Section 12, Township 5, Range 7 East

**IT IS FURTHER ORDER AND ADJUDGED** that, the Joint Motion for Entry of Judgment against Defendants Russell M. Stites, Pro South, Inc., Pro Logging, Inc, and Pro Trucking, Inc. [Doc. 3] is hereby **GRANTED** as set forth above.

Because all other claims and defendants to this action have been dismissed by separate order, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, this judgment is a **FINAL JUDGMENT** as to all claims Plaintiffs have raised against all Defendants, and this matter is hereby closed.

Dated THIS the 11th day of February, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**


Consented to by:

*/s/ Sean Akins*
Sean Akins, Esq.
Akins & Akins, P.A.
108 E. Jefferson Street
Ripley, MS 38663
*Attorney for Russell Marion Stites, Amy Glissen Stites, Pro South, Inc., Pro Logging, Inc., and Pro Trucking, Inc.*


*/s/ John M. Lassiter*
John M. Lassiter, Esq.
Burr & Forman LLP
190 E Capitol Street, Suite M-100
Jackson, Mississippi 30363
*Attorney for Regions Bank and LMIW VII, LLC*